DR. JOHN SALIBA v. NORFOLK-SOUTHERN RAILROAD COMPANY.

(Filed 23 March, 1927.)

**Principal and Agent — Railroads—Claim Agent—Physicians and Surgeons—Scope of Agent's Authority—Evidence.**

A principal is not only bound by the acts of his agent within his express authority, but also within his implied authority, which latter may be evidenced by the acts of the particular agent in the same or similar circumstances. And where a physician or surgeon has previously been called in by the claim agent of a railroad company to operate or render professional services to persons injured by its train, and the company has paid the physician for them, it may not thereafter deny liability for similar services so rendered, without having given in some recognized way notice of the lack of its agent's authority.

APPEAL by defendant from *Nunn, J.,* at September Term, 1926, of PASQUOTANK. No error.

Action to recover the value of professional services rendered by plaintiff, a physician and surgeon, to one Lewis Hoffler, at the request of defendant, and upon defendant's express promise to pay for same.

Plaintiff alleges that the contract sued upon was made on behalf of defendant by a claim adjuster in its employment.

Defendant denies that its claim adjuster made the contract as alleged by plaintiff; it further denies that said claim adjuster had authority to make a contract on its behalf for the payment of professional services to be rendered by plaintiff to Lewis Hoffler.

The only issue submitted to the jury was answered as follows:

"Is the defendant indebted to plaintiff; if so, in what amount? Answer: Yes, $500 without interest."

From judgment on the verdict, defendant appealed to the Supreme Court.

SALIBA *v.* R. R.

*Walter L. Small for plaintiff.*
*Thompson & Wilson for defendant.*

CONNOR, J.  In December, 1921, plaintiff, a physician and surgeon, performed an operation on one Lewis Hoffler, in a hospital at Elizabeth City, N. C., and thereafter attended him professionally until he had fully recovered, and was discharged by plaintiff.  The jury has found that the value of the services rendered by plaintiff to Hoffler is $500. The jury has further found, from the evidence and under the instructions of the court, that said services were rendered by plaintiff at the request of a claim adjuster, in the employment of defendant; that said claim adjuster made said request as agent of defendant; and that as such agent the claim adjuster had authority to make said request on behalf of defendant, who thereby became liable for the value of said services.  By its answer to the issue submitted, the jury has found that plaintiff is entitled to recover of defendant the sum of $500, the value of said services.

Upon its appeal to this Court defendant contends that there was error in the refusal of the trial judge to allow its motion for judgment as of nonsuit, for that there was no evidence from which the jury could find that the claim adjuster had authority, actual or apparent, to make the contract on its behalf, as alleged by plaintiff.

Plaintiff does not contend that the claim adjuster was authorized merely by his employment as such, to make the contract on behalf of defendant for professional services to be rendered to Lewis Hoffler.  He contends that defendant had expressly authorized the claim adjuster to make contracts such as that upon which he seeks to hold defendant liable in this action, or that if in fact defendant had not conferred upon its claim adjuster such express authority, it had given him an apparent authority to so contract, because defendant had theretofore ratified similar contracts made by the claim adjuster with plaintiff and had paid plaintiff for services rendered to other persons, similar to those rendered to Lewis Hoffler.

The evidence tended to show that Lewis Hoffler had been found, on the night of 3 December, 1921, near the station of defendant, at Elizabeth City, N. C., suffering from a serious injury upon his head; that he had been taken by friends to the hospital, and that plaintiff had been called to see him about midnight.  A day or two after Hoffler had been admitted to the hospital, the claim adjuster employed by defendant to investigate accidents out of which claims might arise against defendant for damages, called at the hospital to see Lewis Hoffler.  Upon learning that Hoffler was unconscious, and in grave danger because of the injuries

from which he was suffering, the claim adjuster instructed plaintiff to perform the operation which plaintiff advised was necessary for the relief of Hoffler. At this time neither the claim adjuster nor the plaintiff knew whether Hoffler was an employee of defendant or a trespasser at the time he was injured. All that either knew was that he had been injured while riding on a freight train of defendant and that he had been discovered, a short time after the train had passed, near the track in an unconscious condition, caused by a compound, compressed fracture of the frontal bone of his head. Upon several occasions prior to this plaintiff had given professional attention to persons injured on defendant's trains at the request of this claim adjuster. His bills for services to these persons had been sent to defendant, in accordance with instructions of the claim adjuster, and had been paid by defendant. Plaintiff, relying upon the instructions of the claim adjuster with respect to this operation, and upon the ratification by defendant of similar instructions, with respect to injured persons on previous occasions, performed the operation on Lewis Hoffler. He contends that the evidence showing these facts was properly submitted to the jury upon his contention that the claim adjuster had apparent authority to make the contract on behalf of defendant upon which he has sued in this action.

It is not denied that the relation of principal and agent existed between defendant and the claim adjuster at the time plaintiff was instructed by the claim adjuster to perform the operation, and that at this time the claim adjuster was engaged in the performance of duties within the scope of his agency. Defendant as principal was bound by the acts of its agent within the scope of his actual authority; it is likewise bound by his acts within the scope of his apparent authority. Defendant having theretofore held this claim adjuster out as having authority as its agent to contract with plaintiff for professional services rendered to persons injured by the operation of its trains, cannot now be heard to deny that the claim adjuster had authority as its agent to make the contract in reliance upon which plaintiff performed services which the jury has found were of the value of $500. *Miller v. Cornell,* 187 N. C., 550; *Latham v. Field,* 163 N. C., 356.

There was no error in refusing to allow defendant's motion for judgment as of nonsuit.

The interesting question as to whether a claim agent employed by a railroad company to adjust claims for personal injuries resulting from the operation of its trains has authority implied from the nature of the duties of his employment to engage a physician or surgeon to render services to the injured person, and thereby to bind the railroad company for the payment of such services, is not presented by this appeal. It has been held that upon the facts of certain cases, such authority is

implied, and that the physician or surgeon, who has rendered such services, upon such employment, may recover of the company the value of his services. See L. R. A., 1918-F, note, sec. 32, p. 60.

Other assignments of error have been carefully considered. They cannot be sustained. The judgment is affirmed. There is

No error.